IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCHELLE P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:20-cv-00828-B-BT |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a "Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act" (ECF No. 29), filed by Plaintiff's counsel Michael Kelly. Through his motion, counsel seeks an award of $28,382.00 in attorney's fees under 42 U.S.C. § 406(b). Although the Commissioner filed a response (ECF No. 31) to the motion, he declined to take a position on the reasonableness of the request. Thus, for the reasons set forth below, the District Judge should GRANT the motion.

**Background**

On January 26, 2021, the Court entered its order granting Defendant's unopposed Motion to Remand. *See* Order (ECF No. 23). The order reversed the decision of the administrative law judge (ALJ) and remanded the case to

1

the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g). *Id.*

On March 2, 2021, the Court granted counsel's request for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and ordered that fees in the amount of $6,356.20 be awarded to Plaintiff. *See* Order (ECF No. 27).

On April 26, 2024, counsel filed his motion for § 406(b) attorney's fees and provided: the June 19, 2023 "Notice of Award" from the Social Security Administration (SSA); an itemization of time expended; the contingent fee contract entered into with Plaintiff on March 12, 2020; a table outlining data for SSA disability decisions made in the 2019 fiscal year; a declaration regarding his legal background and history; an article addressing fee rates for attorneys in Texas; and the notice of electronic filing of the Court's order granting his request for $6,356.20 in attorney's fees under the EAJA. Mot. Ex. A–Ex. G (ECF No. 29). The Notice of Award reveals that Plaintiff ultimately received a favorable decision from the SSA at the administrative level. It further reveals that the SSA found Plaintiff became disabled on June 6, 2016. The Notice advises Plaintiff that she is entitled to past-due benefits for the period of December 2016 through April 2023. The Notice further advises that the amount of $43,967.00 has been withheld for payment of authorized attorney's fees. By his motion, counsel seeks an award of $28,382.00.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action. Section 406(a) allows an attorney to receive fees '[f]or representation of a benefits claimant at the administrative level.'" *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b), on the other hand, "governs the award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 788. Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Section 406(b) authorizes an award of fees after the attorney has obtained "a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (citations omitted).

Contingent-fee agreements are common in Social Security cases. *See Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most common fee arrangement between attorneys and Social Security claimants"). But judicial review acts as an "independent check" on any award of attorney's fees under § 406(b), including contingent-fee agreements, to

ensure that the award is reasonable and in compliance with § 406. *Id.* at 807. The attorney seeking fees has the ultimate burden to show that, "[w]ithin the 25 percent boundary . . . the fee sought is reasonable for the services rendered." *Id.* Although the Fifth Circuit has declined to limit "consideration of what constitutes a windfall to some exhaustive list," it has stated that such consideration "is not a simple reiteration of the lodestar method," and has recognized several factors that the courts have considered, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted).

Counsel seeks court approval for a fee payment of $28,382.00, which is about $15,000 less than the amount that is being withheld from Plaintiff's disability-insurance benefits. As reflected in the itemization of services rendered, counsel expended 30.65 hours on this case in this Court. Counsel acknowledges that the de facto hourly rate for the requested fee would be approximately $926.00. But counsel contends that this de facto rate and requested fee amount is not unreasonable, given the $175,868.00 in benefits obtained for Plaintiff and the inherent risks associated with contingency agreements. Additionally, counsel points out that Plaintiff agreed to an attorney fee of twenty-five percent of any past-due benefits in the fee agreement signed on March 12, 2020. Counsel recognizes that this Court

4

previously awarded fees of $6,356.20 under the EAJA and that he is obligated to reimburse Plaintiff for the lesser amount of fees awarded through the instant motion and the EAJA.

After reviewing the motion, its attachments, the Commissioner's response, and applicable law, including the various factors recognized in *Jeter*, the Court finds that (1) counsel had a substantial risk of loss in bringing Plaintiff's Social Security appeal to federal court; (2) counsel spent 30.65 hours briefing the issues in this case; (3) counsel has over twenty-five years of experience in Social Security matters; (4) the value of the case to Plaintiff was significant because the Commissioner determined that she is disabled and has been since June 6, 2016, which determination resulted in a substantial award of past-due benefits; (5) the existence of a contingent-fee agreement reflects that Plaintiff consented to the fees; (6) the degree of difficulty of the issues does not warrant finding that the requested fees are unreasonable; and (7) the requested attorney's fees are reasonable under the circumstances. *See Jovita F. v. Saul*, 2020 WL 3406195, at *2 (N.D. Tex. Mar. 30, 2020) (approving fee request where de facto hourly rate was $650) (citing *Richardson v. Colvin*, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 3, 2018) (same where de facto hourly rate was $937.50, and counsel's standard hourly rate was $375); *Sabourin v. Colvin*, 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (same where de facto hourly rate was $1,245.55)), *adopted by* 2020 WL 3404153 (N.D. Tex. June 18, 2020).

**Recommendation**

For the foregoing reasons, the District Judge should GRANT the "Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act" (ECF No. 29) and award Michael Kelly $28,382.00 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b). The District Judge should further order counsel to promptly return to Plaintiff the EAJA fee of $6,356.20.

May 2, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District

Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).